IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RAMON MUNGIA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1131-M-BN |
| | § | |
| NFN HILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Ramon Mungia, proceeding *pro se*, brings this civil rights action alleging that Ms. Hill, a captain at the H.H. Coffield Unit of the Texas Department of Criminal Justice, threatened to write up disciplinary cases without merit, wrongfully cursed at him, accused him of threatening her and calling the warden a "dum ass," punished him for no reason, and referred to him as a "terrorist." Dkt. No. 3 at 2-3. Because of this conduct, Plaintiff contends that his "life is in serious danger." *Id.* at 2.

Plaintiff neither paid the filing fee nor sought leave to proceed *in forma*

-1-

*pauperis*.[1] The undersigned now determines that Plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

## Legal standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting

---

[1] Although venue for this civil rights action is more appropriate in the United States District Court for the Eastern District of Texas, where the events at issue occurred, *see* 28 U.S.C. § 1391(b), the undersigned finds that, under the circumstances, it would be more efficient to summarily dismiss than to transfer the case.

*Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006).

## Analysis

This Court has twice found that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g). *See Mungia v. Unidentified Defendants*, No. 3:12-cv-3544-O (N.D. Tex. Sept. 4, 2012), *rec. adopted*, (N.D. Tex. Oct. 23, 2012); *see also Mungia v. Does*, No. 3:12-cv-1025-M (N.D. Tex. May 2, 2012). Plaintiff filed at least four civil actions that were dismissed as frivolous in the Eastern and Southern Districts of Texas. *See Mungia*, No. 3:12-cv-1025-M, Dkt. No. 4 at 2. Although Plaintiff repeatedly alleges that Ms. Hill's use of profane language, unfounded allegations, and claims that he is a "terrorist" place him in serious danger, he has made no showing that he is under imminent danger of serious physical injury. Accordingly, he should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

This action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The dismissal should be with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as presented herein but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE